# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

IN RE: THE APPLICATION OF SUSANA
SANCHEZ LOPEZ,

    Petitioner,

v.

ROBERT E. MATTHEWS,

    Respondent.

2:08-cv-0028-LDG-GWF

**ORDER**

On January 9, 2008, petitioner filed a verified petition for return of child pursuant to the Hague Convention and the International Child Abduction Remedies Act, 42 U.S.C. 11601 et seq. (#1, supplement #14, answer #15).  On January 25, 2008, a stipulation of dismissal with prejudice was executed by petitioner's counsel and respondent, and filed with the court (#16).  On March 13, 2008, the court signed and entered the stipulation (#17), and the case was closed.  There was no further activity in the case until almost five months later, when petitioner, in proper person, filed a motion to reopen case based on fraud on the court (#18, response #20, affidavit #22, reply #24). Counsel for petitioner then filed a motion to withdraw (#23), which the court granted on September 18, 2008 (#26).   Petitioner, in proper person, has also filed a motion for emergency orders and affirmative relief (#30, response #34), a motion for hearing (#33, affidavit #34), and a counter-motion to dismiss and for attorney's fees and costs (#36).

Under certain circumstances, the court may relieve a party from a judgment or order. Fed.R.Civ.P. 60. In her motion to reopen the case, petitioner seeks relief based exclusively on the ground of "fraud upon the court" by her former counsel and respondent. Federal Rule of Civil Procedure 60(b)(3) recognizes fraud as a ground for relief from a judgment or order. To prevail, the moving party must prove by clear and convincing evidence that the fraud prevented the losing party from fully and fairly presenting its case. See De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000). Morever, the misconduct must "embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Latshaw v. Trainer Wortham & Company, 452 F.3d 1097, 1104 (9th Cir. 2006). Finally, Rule 60(b)(3) permits relief only when the fraud was committed by "an adverse party." Id. at 1102.

Here, petitioner alleges that her attorney of record at the time "in direct violation of her stated intent, specific instructions and clear directions . . . participated in [the stipulated dismissal] completely without Petitioner's knowledge." Petitioner also characterized her counsel's conduct in the stipulated dismissal as "treacherous malpractice." However, petitioner provides no factual basis for the conclusion that her former counsel committed fraud upon the court, let alone makes a clear and convincing showing. In fact, in her affidavit, petitioner suggests that because her former counsel was allegedly meeting with respondent when he informed petitioner that "[t]here was nothing that he can do" because a custody order had been issued by the family court, her former counsel must have "allowed himself to be victimized by the same fraud on the court" previously perpetrated by respondent. Those allegations simply do not set forth facts supporting fraud upon the court by petitioner's former counsel or establish any connection between alleged misconduct by respondent and petitioner's former counsel's act in filing the stipulation for dismissal with this

court. Id. at 1102 ("[I]n order to prevail on a Rule 60(b)(3) motion, the defendants must have committed the fraud at issue.").

Nor has petitioner shown that respondent committed fraud upon this court. Petitioner claims that respondent's filings with this court are defective, inaccurate and misleading. However, none of the alleged misrepresentations that petitioner attributes to respondent rise to the level of "defil[ing] the court itself, or [amounting to] a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Indeed, what petitioner identifies as false claims by respondent are legal and factual disputes that respondent presented in response to the petition. In addition, petitioner's claims of fraud by respondent deal almost exclusively with matters adjudicated by the state family court judge. Petitioner is not entitled to relief based on alleged fraud upon a different judge who had nothing to do with the entry of the stipulated dismissal in this case.[1]

Finally, even if the court were to grant petitioner relief from the stipulated dismissal, on this record, petitioner would not be entitled to relief under the Hague Convention and the International Child Abduction Remedies Act. Under the Convention, a petitioner in the action for return of a child has the burden of establishing that the child "has been wrongfully removed or retained within the meaning of the Convention." 42 U.S.C. § 11603(e)(1)(A). The removal of a child is "wrongful" under the Convention where (1) it is in breach of rights of custody attributed to a

---

[1] Nor is petitioner entitled to Rule 60(b) relief based on her claim in the motion for emergency orders and affirmative relief that new evidence shows that the state family court judge engaged in sexual improprieties and was bias toward male litigants. Again, those allegations relate, if at all, to litigation in the family court, and petitioner has not shown how they have any bearing on her entitlement to relief from the stipulated dismissal in this case. Furthermore, this court declines to consider petitioner's claims for redress from legal wrongs committed by the state family court. See Noel v. Hall, 341 F.3d 1148, 1156, 1158, 1163-64 (9th Cir. 2003) (explaining that the Rooker-Feldman doctrine holds that "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal" and that a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision").

person under the law of the State in which the child has habitually resided immediately before the removal, and (2) at the time of removal those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal. Duarte v. Bardales, 526 F.3d 563, 569 (9th Cir. 2008). The Convention is intended, in part, to "deprive parties of any tactical advantages gained by absconding with a child to a more favorable forum." Holder v. Holder, 392 F.3d 1009, 1013 (9th Cir. 2004). "[A] judicial proceeding under the Convention is not meant, however, to inquire into the merits of any custody dispute underlying the petition for return." Gonzalez v. Gutierrez, 311 F.3d 942, 945 (9th Cir. 2002).

Here, petitioner has not established that respondent breached petitioner's rights of custody at the time he took the children to the United States from Spain. On December 6, 2005, the family court judge issued a final decree of divorce granting petitioner and respondent shared custody on an alternating basis of their minor children, and stated that neither party was to remove the children from the United States. Petitioner asserts that she removed the minor children to Spain just days before the issuance of the final decree. She also concedes in the record, however, that the final decree "essentially echoed [the family court judge's] comments on the record during an earlier hearing held on November 17, 2005." See Petitioner' Supplemental Brief in Support of Petition for Return of Children to Petitioner (#14) at 1-2. Therefore, the record indicates, and petitioner does not dispute, that she removed the children from the United States in violation of the family court judge's orders.

While a pre-existing custody order should not be the sole determining factor in denying a petition, the decree in this instance does not fall within a recognized category justifying giving it no force. See Shalit v. Coppe, 182 F.3d 1124, 1130-31 (9th Cir. 1999). Nor has petitioner identified what operation of law, judicial or administrative decision, or agreement of legal effect would provide her a source of custody rights which would supercede those granted by the family court decree.

1  Petitioner's filings in this case have focused on facts and circumstances related to divorce
2  and custody disputes within the jurisdiction of the family court.  In that respect, a Hague
3  Convention analysis is not a determination of custody rights, and a district court has no authority to
4  determine the merits of an underlying custody claim.  Id. at 1128.   In such important matters as
5  child custody, petitioner should consider obtaining the services of a lawyer and pursuing her
6  options accordingly.

7  THE COURT HEREBY ORDERS that petitioner's motion to reopen case based on fraud
8  on the court (#18), motion for emergency orders and affirmative relief (#30), motion for hearing
9  (#33), and counter-motion to dismiss and for attorney's fees and costs (#36) are DENIED.

11  DATED this 25 day of November, 2008.

13  _____
14  Lloyd D. George
    United States District Judge

5